NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MADELINE VAN WAGENEN,

Plaintiff-Appellant,

v.

KIRSTJEN NIELSEN, Secretary,
Department of Homeland Security,

Defendant-Appellee.

No.    17-56700

D.C. No. 8:15-cv-00344-CJC-DFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Madeline Van Wagenen appeals pro se from the district court's summary

judgment in her employment action alleging violations of the Rehabilitation Act

("RA") and Title VII.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo, *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010), and

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

The district court properly granted summary judgment on Van Wagenen's disability discrimination and failure-to-accommodate claims under the RA because Van Wagenen failed to raise a genuine dispute of material fact as to whether shecould perform the essential functions of her job as an asylum officer. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (to succeed on a RA disability discrimination claim, plaintiff must be a "qualified individual"); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1112 (9th Cir. 2000) (a "qualified individual" is an employee who "must be able to perform the essential functions of employment at the time that one is discriminated against in order to bring suit"); *Buckingham v. United States*, 998 F.2d 735, 739-41 (9th Cir. 1993) (under the RA, an employer has an affirmative obligation to provide reasonable accommodations to qualified individuals with disabilities); *see also Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (standards for evaluating discrimination claim under RA).

The district court properly granted summary judgment on Van Wagenen's Title VII retaliation claim because Van Wagenen failed to raise a genuine dispute of material fact as to whether defendant's proffered legitimate, non-retaliatory reasons for terminating Van Wagenen's employment were pretextual. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008) (elements of a

retaliation claim under Title VII); *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066, 1069-70 (9th Cir. 2004) (circumstantial evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Van Wagenen's claim under the Family and Medical Leave Act ("FMLA") because Van Wagenen does not have a private right of action as a federal employee with more than twelve months of service. *See Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1018-19 (9th Cir. 1999) (no private right of action under the FMLA for federal employees with more than twelve months of service).

We do not consider matters not specifically and distinctly raised in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Van Wagenen's motion to supplement the record (Docket Entry No. 9) is denied.

**AFFIRMED.**